ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LUIS FABIÁN DOMENECH ACEVEDO<br><br>RECURRENTE<br><br><br>V.<br><br><br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>RECURRIDO | KLRA202300621 | *REVISIÓN JUDICIAL* procedente del Departamento del Trabajo y Recursos Humanos<br>_____<br>Apelación Número: PUA-05178-23<br><br>_____<br>SOBRE: Inelegibilidad a los Beneficios del "Pandemic Unemployment Assistance" (PUA), "Coronavirus Aid, Relief, and Economic Security Act", Ley Pública 116-136 (CARES)del 27 de marzo de 2020 |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## **S E N T E N C I A**

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece ante nos, por derecho propio, el Sr. Luis Fabian Domenech Acevedo (señor Domenech Acevedo o Recurrente) y solicita que revisemos una *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* emitida el 29 de septiembre de 2023, archivada en autos el 2 de noviembre de 2023. Por medio del referido dictamen, el Secretario del Trabajo y Recursos Humanos (Secretario) declaró *No Ha Lugar* la solicitud de *Reconsideración* presentada por el recurrente. A su vez, apercibió al señor Domenech Acevedo de lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta

(30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

Examinado el recurso presentado, así como el derecho aplicable, acordamos desestimarlo por **falta de jurisdicción**.

-II-

**A. Jurisdicción**

Según ha expresado el Tribunal Supremo de Puerto Rico, resulta indispensable que los recursos apelativos se perfeccionen según lo exige la ley y el Reglamento de este Tribunal.[1] Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones.[2]

Es norma reiterada, que el comparecer por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.[3] Por tanto, el incumplimiento con las normas jurídicas pertinentes para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo.

---

[1] *Lugo Rodríguez v. Suárez Camejo*, 165 DPR 729, 737 (2005); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).
[2] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *DACO v. Servidores Públicos Unidos*, 187 DPR 704, 707 (2013); *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012).
[3] *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003).

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[4] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[5] Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[6]

Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[7] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[8]

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre.[9] En consecuencia, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su

---

[4] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó, supra; Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[5] *Id.*, pág. 268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al., supra*, pág. 457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág. 403.
[6] *Id.; Cordero et al. v. ARPe et al., supra*, pág. 457.
[7] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra*, pág.234; *Cordero et al. v. ARPE et al., supra*, pág.457.
[8] *Id.; Shell v. Srio. Hacienda, supra*, pág. 123; *Yumac Home v. Empresas Massó, supra*, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).
[9] *Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

presentación no ha habido autoridad judicial o administrativa para acogerlo.[10]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones disponen lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[11]

**-III-**

En el presente caso, el Secretario declaró *No Ha Lugar* la solicitud de reconsideración del señor Domenech Acevedo el 23 de septiembre de 2023, la cual fue archivada en autos el 2 de noviembre de 2023. Es decir, el señor Domenech Acevedo tenía hasta el 2 de diciembre de 2023, para presentar su recurso de revisión. No obstante, al ser este un sábado, la fecha límite se extiende hasta el próximo día laborable. Razón por la cual, el recurrente tenía hasta el **4 de diciembre de 2023**, para presentar su recurso de revisión judicial. No obstante, el recurso de revisión ante nuestra atención fue presentado el **5 de diciembre de 2023**. En otras palabras, el recurrente presentó el recurso ante nos tardíamente. En consecuencia, estamos impedidos de acoger el presente recurso por falta de jurisdicción.

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de revisión judicial por falta de jurisdicción.

---

[10] *Rodríguez v. Segarra*, 150 DPR 649 (2000).
[11] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

**Notifíquese.**

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones